**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7553**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK IAN GAVER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:17-cr-00640-RDB-1; 1:21-cv-00981-RDB)

Submitted: July 28, 2023 Decided: August 16, 2023

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Mark Ian Gaver, Appellant Pro Se. Brandon Keith Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Ian Gaver appeals the district court's order denying relief on his 28 U.S.C. § 2255 motion. We granted a partial certificate of appealability and ordered the Government to respond on the issue of whether the district court abused its discretion by denying, without an evidentiary hearing, Gaver's claim that his trial counsel provided ineffective assistance by failing to adequately advise him during the plea process. We now affirm in part and dismiss in part.

"When, as in this case, the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment, and the facts must be viewed in the light most favorable to the § 2255 movant." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (internal quotation marks omitted). To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, Gaver must show that "but for the ineffective assistance of counsel, there is a 'reasonable probability' that he would have accepted a plea, that the court would have approved its terms, and that the resulting conviction or sentence 'would have been less severe' than that actually imposed." *Mayhew*, 995 F.3d at 177 (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)). In evaluating prejudice, courts may not rely solely on "*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead

look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).

In his § 2255 motion, Gaver briefly contended that "there is a probability that he may have accepted the plea agreement" that the Government offered him if his trial counsel had informed him of the reduced sentencing exposure he would face under the plea agreement as compared to what he would face if he went to trial. But this assertion is not substantiated by any contemporaneous evidence. Thus, even assuming, without deciding, that counsel's performance was deficient, the district court did not abuse its discretion by declining to hold an evidentiary hearing because the record conclusively rebuts Gaver's allegations of prejudice.

On the first day of trial, the district court confirmed that the Government had offered Gaver a plea agreement, which Gaver had rejected. Gaver first protested that he was unaware of any plea offer; he later alleged that he was generally aware of an offer "of some sort" but had not read the plea agreement itself. After outlining the terms of the proffered agreement, the district court confirmed that Gaver was aware of its terms and still intended to reject it. Gaver did not ask to belatedly accept the plea offer or to discuss it further with counsel. He did not contradict the district court's statement that it was clear that, even if the Government were willing to offer the same plea agreement that day, Gaver would reject it. The record therefore conclusively rebuts Gaver's allegations of prejudice because it is devoid of any contemporaneous evidence that substantiates Gaver's passing assertion that he "may have accepted" the plea offer if he had been properly advised. Accordingly, we affirm the portion of the district court's order denying relief on this claim. *See Tyler v.*

*Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (explaining that this court may affirm for any reason apparent from the record).

We previously denied a certificate of appealability as to Gaver's remaining claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we dismiss that portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*